UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMANUEL SOTO,

    Plaintiff,

v.

CASE NO. 07-11959
HONORABLE DENISE PAGE HOOD

FIRST AMERICAN TITLE
INSURANCE COMPANY,
a foreign corporation,

    Defendant.
                                           /

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND WITNESS LIST [DOCKET NO. 13] AND DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT [DOCKET NO. 14]

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff Emanuel Soto's Motion to Amend/Correct Witness List [**Docket No. 13, filed September 10, 2007**] and Defendant's Motion for Partial Summary Judgment as to Counts I (Breach of Contract) and IV (Declaratory Relief) of Plaintiff's Complaint [**Docket No. 14, filed September 14, 2007**].

Defendant has also filed a Motion for Partial Summary Judgment as to Counts II and III, however, Plaintiff agreed to a Stipulation and Order dismissing those counts with prejudice on October 31, 2007. **[Docket No. 19]**. Defendant's Motion to Enforce Judgment has also been withdrawn by defendant. **[Docket No. 26].**

**II.    STATEMENT OF FACTS**

Plaintiff Emanuel Soto ("Soto") purchased real property located at 17208 Westmoreland,

1

Detroit, Michigan from Yarith Calito for $160,000. *See* Warranty Deed, Defendant's Motion for Partial Summary Judgment, Exhibit 2. At closing, Soto obtained a title insurance policy from Defendant First American Title Insurance Company ("First American"), with a coverage limit of $160,000. *See* Exhibit 1, Defendant's Motion for Partial Summary Judgment.

The Title Insurance Policy contains the following provisions:

§ 6.b.(1)**:** If (First American) remove(s) the cause of the claim with reasonable diligence after receiving notice of it, all (of First American's) obligations for the claim end, including any obligation for loss (Soto) had while (First American was) removing the cause of the claim."

§ 6.b.(2): Regardless of 6.b.(1) above, if (Soto) cannot use the (Westmoreland Property) because of a claim covered by this (Title Insurance Policy): (a) Soto may rent a reasonably equivalent substitute residence and (First American) will repay (Soto) for the actual rent (Soto) pay(s)...; (b) (First American) will pay reasonable costs (Soto) pay(s) to relocate any personal property...and repair of any damage to that personal property because of the relocation." *Id.,* § 6.b.(2).

After Soto acquired the Westmoreland Property, he became a party to a lawsuit in the Wayne County Circuit Court (Case No. 04-421597-CH) (Hon. Isidore B. Torres, presiding) concerning issues with a predecessor in his chain of title. The Quiet title Action resulted in a determination that Soto did not possess fee simple title to the Westmoreland property, and that the property was owned by Sprigs Peoples. Soto sought coverage under the Title Insurance Policy because of the ownership interest claimed by Sprigs Peoples. *See* Soto's Deposition, page 53, line 25.

To attempt to clear the defect in Title, First American then purchased the Westmoreland property from Sprigs Peoples. There is a dispute over whether First American then vested Soto with a covenant deed, or a fee simple interest. Defendant claims that First American has cured the title defect and Soto now owns the property he purchased, free and clear of any adverse

claims against his title.

Soto states in his reply brief that on June 8, 2006, and recorded on June 28, 2006, the Wayne County Sheriff executed a Sheriffs Deed on the property, effectively transferring interest in the property to US Bank, N.A., as Trustee. *See* Exhibit G, Plaintiff's Reply Brief. Counsel for Defendant unsuccessfully defended Plaintiff in the quiet title action and on July 6, 2006, a Consent Judgment was entered declaring Spriggs Peoples the fee simple owner of the property. Following the foreclosure of Plaintiff's mortgage and after losing ownership of the Property to Sprigs People, Defendant purchased the property from Sprigs Peoples for approximately $100,000 and conveyed it to Plaintiff.

Soto filed the instant action claiming that First American breached the Title Insurance Policy by clearing the Westmoreland Property's defective title rather than paying him $160,000.

## III. APPLICABLE LAW & ANALYSIS

### I. Motion to Amend Witness List

Plaintiff Soto seeks the approval of this Court to amend his Witness List in order to add experts to assess the value of and damages to the subject property. Plaintiff claims that "a key issue in this case concerns the value of and damages to the subject property." Plaintiff also seeks an extension of discovery to allow Defendant the opportunity to depose the added expert witnesses.

Defendant opposes Plaintiff's Motion, claiming that the motion should be denied because it is devoid of the showing of good cause necessary for the Court to modify its July 3, 2007 Scheduling Order.

"The party seeking relief from a case management order must make a showing of good

cause, demonstrating why the requirements of the order cannot reasonably be met despite the diligence of the party seeking the extension." *Clark v. Muskegon Police Officers Corey Luker*, 2007 U.S. Dist. LEXIS 31400, 3 (W.D. Mich. 2007); *see Leary v. Daeschner*, 349 F. 3d 888, 906 (6th Cir. 2003). Soto's Motion was not filed until after discovery closed, and he offered no evidence of any diligence in attempting to meet the deadline for naming the witnesses. Further, First American claims that it would suffer undue prejudice if this Court were to grant Soto's motion, claiming increased costs if the case were to be reopened.

Soto has not supported his Motion with the necessary showing of good cause, and therefore the Motion to Amend/Correct the Witness list is DENIED.

**II.     Motion for Summary Judgment for counts I and IV**

Due to the foreclosure, Plaintiff has been stripped of his interest and possession of the Property. To date, Plaintiff's interest and possession of property have yet to be restored. Compl. at ¶ 23. Defendant's vesting the fee simple interest to Plaintiff does not vest title to Plaintiff, and only had the effect of vesting title to the purchaser at the foreclosure sale. Pl. Response to Mot. For Summary Judgment, Exh. 8.

Inherent in fee simple ownership is the right to quiet enjoyment and possession. *Sullivan v. U.S.,* 461 F. Supp. 1040, (W. D. Pa. 1978). Defendant did not provide Plaintiff with possession for several months, the result of which ended in the property falling into foreclosure. It was foreseeable that the Property would go into foreclosure, and Plaintiff alleges that Defendant delayed curing the defect in title to secure a more desirable purchase price. (Pl. Response to Mot. for Summary Judgment at 8). "[T]he general rule in breach of contract actions is that damages recoverable for a breach of contract are those arising naturally from the breach or

those which were within the parties' contemplation at the time of contracting." *Kewin v. Massachusetts Mutual Life Ins. Co.,* 408 Mich. 401 (1980). Plaintiff has presented a question of fact as to whether the house falling to foreclosure arose naturally from Defendant's delay in curing the breach, and damages relating to the foreclosure are recoverable under *Kewin.*

Because Defendant's actions to cure the title defect may have been too little too late, and did not make Plaintiff whole, Defendant is not entitled to Summary Judgment on Counts I and IV, and their Motion for Partial Summary Judgment is DENIED.

Defendant also claims that Plaintiff's declaratory relief count is duplicative of the breach of contract claim. Under Michigan law, however, Plaintiff is entitled to plead alternative theories of liability. *Jones v. Porretta*, 428 Mich. 132, 150, 405 N.W.2d 863 (1987).

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiff Emanuel Soto's Motion to Amend/Correct Witness List [**Docket No. 13, filed September 10, 2007**] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Partial Summary Judgment as to Counts I (Breach of Contract) and IV (Declaratory Relief) of Plaintiff's Complaint [**Docket No. 14, filed September 14, 2007**] is DENIED.

                                        s/Denise Page Hood  
                                        DENISE PAGE HOOD  
                                        UNITED STATES DISTRICT JUDGE

DATED:  August 1, 2008